MARIE LOUISA JAEGER, Respondent, v. MARGARETHA KOENIG, as Executrix, etc., of JOHN H. KOENIG, Deceased, Appellant.

*Appeal from the Appellate Term to the Appellate Division — the consent of the same justices who determined the appeal to the former court must be obtained.*

Under section 1344 of the Code of Civil Procedure, which authorizes an appeal from a determination of the Appellate Term to the Appellate Division by permission of the "justices by whom such appeal was determined," it is not sufficient to obtain permission from other justices sitting at the Appellate Term.

APPEAL by the defendant, Margaretha Koenig, as executrix, etc., of John H, Koenig, deceased, from an order of the Appellate Term of the Supreme Court, entered in the office of the clerk of the county of New York on the 7th day of December, 1900, which reversed an order of the General Term of the City Court of New York, entered in the office of the clerk of said court on the 18th day of July, 1900, reversing an order granted by the Special Term of the City Court of New York.

*George H. Hart,* for the appellant.

*Samuel Scoville, Jr.,* for the respondent.

McLAUGHLIN, J. :

Appeals can only be taken from determinations of the Appellate Term to the Appellate Division by permission of the " justices by whom such appeal was determined." (Code Civ. Proc. § 1344.) In the present case such permission was not obtained, and, therefore, this court is not authorized to entertain jurisdiction of the appeal. It is true, permission was obtained from other justices sitting at the Appellate Term, but this does not comply with the section of the Code referred to. Permission must be obtained from *the* justices by whom such appeal was determined, and not from others. The reason of this provision is manifest. The justices who made the decision from which an appeal is desired to be taken are familiar with the facts and the legal questions involved, and for that reason can intelligently determine whether the same are of sufficient importance to justify another court in passing upon them.

It follows, therefore, that inasmuch as this court has no authority to hear the appeal, the cause must be stricken from the calendar.

VAN BRUNT, P. J., INGRAHAM and LAUGHLIN, JJ., concurred.

Cause stricken from the calendar.